## ANDERS et al. v. PLANTERS' & MERCHANTS' NAT. BANK et al.
### (No. 2566.)

(Court of Civil Appeals of Texas. Texarkana. May 19, 1922. Rehearing · Denied June 8, 1922.)

**Fraud ☞58(1)—That others bought stock at discount not evidence of fraud on buyer.**

Where a corporation fixed the minimum selling price of its stock at not less than 5 cents per share, and an agent from time to time sold the shares at a price from 10 to 25 cents, a sale by the agent at 25 cents without informing the buyer that he had been authorized to sell at 5 cents, was no evidence of a fraud on the buyer, even though others bought at a discount, in the absence of showing that it was not the price paid.

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Action by Planters' & Merchants' National Bank and others against C. L. Anders and others. From judgment for plaintiffs, defendant named, and F. G. Phillips appeal. Judgment modified.

Neyland & Neyland, of Greenville, for appellants.

Clark & Sweeton, of Greenville, and L. Dillard Estes, of Commerce, for appellees.

HODGES, J. This suit was instituted in the county court of Hunt county by the Planters' & Merchants' National Bank of Commerce, against W. Q. Grisham, C. L. Anders, and F. G. Phillips, to recover the sum of $314.25 alleged to be due on a promissory note. Anders and Phillips answered by a plea of suretyship, and asked, in the event judgment be rendered in favor of the plaintiff against them, that they have a corresponding judgment over against Grisham as the principal on the note. Grisham, after a general denial, pleaded, in substance, the following facts:

That the note sued on is based upon a transaction between him and Anders, which occurred in 1918. Anders was at that time the vice president and agent of the Red Chief Mining Company, an Arizona corporation. On May 18, 1918, Anders sold and delivered to the defendant Grisham 1,000 shares of stock in that company, of the par value of 25 cents per share. In payment for the stock defendant Grisham executed a promissory note in the sum of $250, payable to Anders, and due January 1, 1919. Anders thereafter indorsed and assigned the note to the plaintiff bank. On February 18, following, the note, with its accumulated interest, was renewed by the execution of a new note payable to the bank for the principal and accumulated interest, and due December 1, 1919. That note was signed by Grisham as principal, and by Anders and Phillips as sureties. On January 18, 1920, there was a second renewal note executed, which matured April 1, 1920.

Grisham also alleges that at the time the stock was sold to him by Anders the latter made various false statements regarding its value, the solvency of the corporation, and the property owned by it. He charges that those representations were fraudulently made, that the stock was worthless, and that the consideration for the note had failed. He also alleged that Anders had a contract with his company whereby he was to sell the stock for 5 cents per share, and for no greater sum, and that Anders was to retain 1¼ cents per share as his commission on such sales.

In a trial before the court a judgment was rendered in favor of the plaintiff bank against all of the defendants. Judgment was also rendered in favor of Grisham over against his codefendants Anders and Phillips for · four-fifths of the amount of the judgment awarded in favor of the plaintiff. Anders and Phillips have appealed from that portion of the judgment rendered against them in favor of Grisham. They attack the judgment solely upon the ground that it is contrary to the evidence.

The record contains no statement of facts. The findings filed by the trial judge are, in substance, as follows: The basis of the present note is the transaction referred to by Grisham in his pleadings; that the original note. was made payable to Anders; that before maturity it was transferred and assigned to the plaintiff bank, and for which Anders received $250, which, after deducting his commission of 20 per cent., he transmitted to the home office of the Red Chief Mining Company in the state of Arizona; that the note was renewed from time to time as alleged by Grisham, with Anders and Phillips signing each renewal as sureties. The court also found that Anders made no misrepresentations to Grisham at the time the stock was sold regarding the location of the mining company or the property owned by it or the amount of development done; that all of the representations made by Anders to Grisham at the time of the same and at all other times regarding the company were substantially true; that there was nothing to indicate that the company had not complied with the laws of Texas as a condition to the transaction of business in this state.

In addition to the foregoing this finding was made, which appears to have been the basis of the judgment:

"I further find as a fact that the Red Chief Mining Company by resolution on the minutes of said company fixed the selling price of said stock at not less than five cents per share, and that from time to time the said Anders sold

said stock in Texas for a price from 10 cents to 25 cents per share. I further find that before the sale of said stock by said Anders to the defendant Grisham the said Anders conferred with his friends in Commerce, Tex., and he, Anders, made a visit to Arizona, and conferred with some one, and all agreed that it was best to sell stock at 25 cents per share, as it would produce money faster for development purposes. I further find that the said C. L. Anders at the time he sold stock to W. Q. Grisham did not inform him that he was selling the stock to other people at a different or lower price than 25 cents."

He thus states his legal conclusion made the basis for the judgment in favor of Grisham against Anders and Phillips:

"I conclude that, because the said Anders did not inform the said W. Q. Grisham at the time of the sale of the said 1,000 shares of the capital stock of the Red Chief Mining Company to him that the Red Chief Mining Company had authorized him to sell said stock at 5 cents per share, the effect of his failure to so inform said W. Q. Grisham was a fraud," etc.

The reasons assigned for the judgment against Anders and Phillips are not legally sufficient. There is nothing to indicate that the stock was not worth what Grisham paid for it. Presumably it was, in the absence of some proof to the contrary. The mere fact that others bought it at a discount is no evidence of a fraud perpetrated upon Grisham. The resolution to which the court refers in his findings as authorizing a sale of the stock at less than par shows that the managing officers only fixed a minimum, manifestly allowing the agents a margin of variation.

Under the facts as found, the court properly rendered judgment in favor of the plaintiff for the full amount of the note sued on. He should have rendered a judgment in favor of Anders and Phillips on their plea of suretyship over against Grisham. Grisham clearly was entitled to no judgment against appellants on the grounds stated. The judgment will be modified accordingly.